# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**WILLIAM CARAM,**

            **Plaintiff,**

**-vs-**                                      **Case No.  2:04-cv-605-FtM-33DNF**

**SUNSTREAM, INC., a Florida corporation,**
**JAMES COX, an individual,**

            **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      Plaintiff, William Caram (Caram) was employed by Sunstream, Inc. (Sunstream) which operated a hotel and resort in Naples Florida.  Plaintiff was employed from September 18, 2003, through November 18, 2003.  Plaintiff alleges that Defendant, James Cox (Cox) who was his supervisor made overt sexual advances towards Caram and fondled Caram without permission.  Cox allegedly fondled Caram another time, and made inappropriate sexual remarks to Caram.  Sunstream allegedly took no corrective actions against Cox.  Sunstream allegedly terminated Caram in retaliation for his complaints to management personnel.  Caram alleges a violation of Title VII for sexual harassment, and a violation of Title VII for retaliation.  Caram also alleges state law claims for assault and battery, a violation of the Florida Civil Rights Act, and negligent supervision and retention.

      On August 18, 2005, the Court entered an Order (Doc. 47) which permitted Caram's attorney to withdraw, and determined that Caram was proceeding *pro se* which is without the benefit of counsel. On August 19, 2005, the Court entered an Order (Doc. 49) which granted in part a Motion

to Compel and required Caram to produce certain documents within fifteen (15) days from the date of the Order. On September 6, 2005, the Court entered an Order to Show Cause (Doc. 52) which granted Defendants' Request for Further Action by the Court (Doc. 51), and required Caram to file a Notice with the Court which contained his address, telephone number, and fax number. The Order to Show Cause contained the following language: "[i]f Plaintiff fails to file this Notice by September 21, 2005, the Court will determine that Plaintiff is not being diligent in prosecuting his case, and will recommend that his case be dismissed for lack of prosecution," citing Local Rule 3.10. Caram has failed to comply with the Order to Show Cause (Doc. 52) dated September 6, 2005.

Local Rule 3.10(a) of the Local Rules of the United States District Court for the Middle District of Florida provides:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court to want of prosecution.

In this case, the Court entered an Order to Show Cause on September 6, 2005, allowing Caram until September 21, 2005, in which to show cause why this action should not be dismissed for lack of prosecution. Caram did not respond to the Order to Show Cause.

**IT IS RESPECTFULLY RECOMMENDED:**

This action be dismissed pursuant to Local Rule 3.10(a) for want of prosecution.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 28th day of September, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record